UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23596-UU

GELDY LOPEZ,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Chief United States Magistrate Judge O'Sullivan's Report and Recommendation (the "R&R"). D.E. 28.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons that follow, the R&R is RATIFIED, AFFIRMED, and ADOPTED.

**I.**    **Background**[1]

This case arises from Plaintiff's application for supplemental security income, filed on May 11, 2016 and premised upon Plaintiff's alleged disability. Tr. 15. Plaintiff claims to suffer from a combination of impairments, including low intelligence, depression, personality disorder, lack of concentration, impaired hearing and incapacity to deal with stress. Plaintiff's claim was initially denied on August 26, 2016 and again upon reconsideration on December 19, 2016. *Id.* Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on

---

[1] The facts of this case are well documented in the R&R. The Court, therefore, will not engage in an extensive recitation of the facts.

August 15, 2018.  *Id.*  On November 16, 2018, upon review of Plaintiff's application for supplemental security income, the ALJ decided that Plaintiff had not been under a disability within the meaning of the Social Security Act since the date the application was filed.  *Id.* at 16.  On July 30, 2019, the Social Security Administration Appeals Council denied Plaintiff's request for review of the ALJ's decision, finding the reasons submitted in Plaintiff's request "do not provide a basis for changing the [ALJ's] decision." *Id.* at 1.  As such, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner").  *Id.*

On August 27, 2019, Plaintiff commenced this action seeking judicial review of the final decision of the Commissioner.  D.E. 1.  This matter was referred to Chief United States Magistrate Judge O'Sullivan, who recommended that Defendant's Motion for Summary Judgment (D.E. 24) be granted and Plaintiff's Motion for Summary Judgment (D.E. 17) be denied.  D.E. 28.  Plaintiff timely filed objections to the R&R, specifically arguing that the ALJ: 1) failed to resolve an apparent conflict between the testimony of the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT") regarding noise levels in certain work environments; and 2) improperly evaluated the opinions of her medical doctors and failed to articulate the weight she accorded to Plaintiff's treating source opinions.[2]  D.E. 29.  Defendant timely filed a response to Plaintiff's objections.  D.E. 30.

## II.     Legal Standard

Upon receipt of specific objections, a "United States District Judge shall make a *de novo* determination of those portions of the report." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006).  This Court's review of factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the

---

[2]     Plaintiff offered no specific objections to the R&R's finding that "[t]he ALJ properly evaluated [P]laintiff's subjective complaints." D.E. 28.

2

correct legal standards were applied. 42 U.S.C. § 405(g) (2006); *see Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996) (holding that the reviewing court must not reweigh the evidence or substitute its discretion). The Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 786 (11th Cir. 2015) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 & n.8 (11th Cir. 2004)).

**III.   Analysis**

A.   Whether the ALJ Failed to Resolve an Apparent Conflict

Plaintiff asserts that remand is warranted because the ALJ purportedly failed to resolve an apparent conflict between the testimony of the VE and the DOT, which is an authoritative Department of Labor publication. An ALJ has the affirmative duty "to identify apparent conflicts between the testimony of a Vocational Export and the DOT and resolve them." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). "The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Id.* at 1362. A conflict is considered "apparent" if it is "reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* at 1365.

At the hearing before the ALJ in this case, the ALJ specifically asked the VE whether there are jobs in the economy that a hypothetical claimant could perform if that hypothetical claimant, among other considerations, "should avoid even moderate exposure to loud noise and no work above office level noise." Tr. 84. The VE affirmatively testified that were jobs in the economy that such a hypothetical claimant could perform, such as "towel folder," "officer helper," or "garment sorter." Tr. 84–85. Plaintiff argues that there is an apparent conflict here because "there is obviously more than one type of office environment falling under more than one noise intensity level, and in [the ALJ's] instructions to the VE she failed to specify whether either or both were

3

acceptable." D.E. 29.  Plaintiff argues that at minimum, the ALJ "should have clarified what was meant by 'office level noise.'"  D.E. 29.

The U.S. Department of Labor's *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (the "SCO") uses a five-part ranking scale for determining the noise intensity level to which a worker is exposed in the job environment.  D.E. 30-1.  Of relevance here, the SCO describes Noise Intensity Level 3 as the noise level associated with "business office[s] where type-writers are used," and Noise Intensity Level 2 is described as the noise level found in "many private offices."  *Id*.  Plaintiff asserts that "the jobs cited by the VE were all rated as noise intensity level 3, or 'Moderate,'" by the SCO, and that the VE "failed to take the distinction into account when responding to the ALJ, simply assuming the ALJ meant both types of office environments at both noise intensity levels were acceptable in the manner in which the ALJ expressed the limitation itself."  D.E. 29.

The Court finds that no apparent conflict exists between the VE's testimony and the DOT.  Plaintiff offers little more than her own speculation that "[i]n all likelihood, the VE should have named jobs with either a noise intensity level of 1 or 2."  D.E. 29.  But the ALJ expressly asked the VE whether there were jobs that a claimant could perform in the economy where the claimant "should avoid . . . work *above* office level noise."  Tr. 84 (emphasis added).  Plaintiff concedes that the jobs identified by the VE were rated at Noise Intensity Level 3, and the SCO explicitly contemplates that Noise Intensity Level 3 is comparable to that found in a "business office."  D.E. 30-1.  In short, the jobs identified by the VE would allow Plaintiff to not be exposed to noise levels above office-level noise.  As such, there is no apparent conflict between the VE's testimony and the DOT, and the Court will overrule this objection.

    B. <u>Whether the ALJ Improperly Evaluated the Opinions of Plaintiff's Medical Doctors and Failed to Articulate the Weight Accorded to Plaintiff's Treating Source Opinions</u>

4

Plaintiff also objects to the R&R on the basis that the ALJ "incorrectly assessed the weight to be accorded the treating source treatment notes under 20 C.F.R. § 416.920c," which is "the revised standard . . . for claims filed on or after March 27, 2017 [that] does away with the 'treating physician rule' articulated in 20 C.F.R. § 416.927(c)(2) and revises the definition of what constitutes a medical opinion."  D.E. 29.  Plaintiff makes the conclusory assertion that "[e]verything in the ALJ's rationale addressing the treating source evidence points to her reliance upon the new standard of evaluating medical opinions, not the one in effect at the time the claimant filed her application."  *Id.*  In addition, Plaintiff cites to several medical records within Exhibits 2F, 4F, and 10F of the transcript that Plaintiff argues qualify as "medical opinions," such that "the ALJ was obligated to articulate the weight she accorded them but clearly failed to do so."  *Id.*

An ALJ is "not required to state what weight he assigned to medical records that did not qualify as medical opinions."  *Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018).  Under 20 C.F.R. § 416.927—the relevant regulation for evaluating opinion evidence for claims filed before March 27, 2017—a "medical opinion" is defined as a "statement[] from acceptable medical sources that reflect[s] judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).  The Eleventh Circuit has clarified that medical records do not qualify as "medical opinions" when those records "fail[] to address [the claimant's] ability to work."  752 F. App'x at 908.

As an initial matter, the Court finds no merit in Plaintiff's unfounded argument that "the ALJ incorrectly assessed the weight to be accorded the treating source treatment notes."  There is simply no indication that the ALJ applied the revised standard under 20 C.F.R. § 416.920c as opposed to 20 C.F.R. § 416.927(c)(2), the standard for evaluating opinion evidence for claims filed

5

before March 27, 2017.  And in fact, the ALJ's decision explicitly states that she "considered the opinion evidence in accordance with the requirement of 20 CFR 416.927." Tr. 21.

Further, the Court finds that the ALJ was not required to articulate the weight she accorded to the medical records identified by Plaintiff.  The ALJ specifically noted that the reports contained within Exhibits 2F, 4F, and 10F "do not delineate functional limitations," (Tr. 30), and as such, the ALJ had no duty to assign any weight to those medical records.  *Romero*, 752 F. App'x at 908; *Glover v. Colvin*, 705 F. App'x 815, 818 (11th Cir. 2017) ("While [the plaintiff] contends that the ALJ failed to account for [her physician's] opinion . . . , [the physician] did not express that opinion in terms of how it would limit [the plaintiff's] ability to work."); *Rodriguez v. Berryhill*, No. 18-21425-CIV, 2019 WL 1777568, at *6 (S.D. Fla. Apr. 23, 2019) (finding that there was no requirement for the ALJ to weigh a physician's report of the plaintiff's medical history and related treatments because the report "lack[ed] any information on Plaintiff's ability to work"); *Robinson v. Berryhill*, No. 16-CV-62253, 2018 WL 1875622, at *2 (S.D. Fla. Mar. 14, 2018) ("While these [medical] records contain information about treatment, diagnosis and prognosis, they are silent about Plaintiff's ability to function in the work place . . . .  Much like at the summary judgment hearing, Plaintiff's Objections still fail to direct the Court to any medical records from any of . . . physicians that comment upon her limitations or her capacity to work.").

## IV.   Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that that the R&R (D.E. 28) is RATIFIED, AFFIRMED, and ADOPTED.  Plaintiff's objections (D.E. 29) are OVERRULED.  It is further

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (D.E. 24) is GRANTED, and Plaintiff's Motion for Summary Judgment (D.E. 17) is DENIED.  It is further

ORDERED AND ADJUDGED that the Clerk SHALL administratively close this case. All future hearings and deadlines are CANCELLED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this 7th day of October, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record